In the Matter of the Claim of MORRIS KAMENETSKY, Respondent, against GREENBERG PAINTING CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by employer and insurance carrier from an award of the State Industrial Board in favor of claimant. Claimant was employed as a painter and on November 8, 1929, while engaged in his regular occupation he fell from a stepladder injuring his foot, shoulder and head, causing an inter-cranial pathology and permanent total disabling symptoms in the nature of general weakness, headaches, pain in the right shoulder and foot, enlargement of the right shoulder, foot and ankle with defects in mobility, tremors of the head, tongue and fingers, atrophy of the right leg and foot and nervousness. Following the accident awards were made and paid for several months. In June, 1932, an award was made and subsequently paid for ninety per cent permanent loss of use of the right foot and twenty-five per cent permanent loss of use of the right arm. In 1934 claimant had his case reopened, claiming disability other than that for which the prior awards had been made. The schedule awards covered a period which expired in May, 1933. The award under review covers the period from November 27, 1934, to April 5, 1935. The Industrial Board found that the claimant by reason of the injuries resulting from the accident was totally disabled from November 27, 1934, to April 5, 1935. The evidence sustains the finding. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Crapser, Bliss and Heffernan, JJ., concur; Rhodes, J., dissents.

In the Matter of the Claim of DOMINICK VINCIGUERRA, Respondent, against VINCI ROSE CORPORATION and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal from an award of compensation for total disability for thirteen and four-fifths weeks, and for reduced earnings for one hundred and twenty and four-fifths weeks. The appellant claims that the injuries were confined solely to the arm. The evidence establishes that the injuries were not confined to the arm, and that there were other disabling conditions which justified the award. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, Crapser, Bliss and Heffernan, JJ.